[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————

No. 05-14115

—————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-03788 CV-MHS-1

ROLAND I. OJEGBA,

Plaintiff-Appellant,

versus

TIM MURPHY,
KIM COLE, et al.,

Defendants-Appellees.

—————————

Appeal from the United States District Court
for the Northern District of Georgia

—————————

**(April 26, 2006)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This is a 42 U.S.C. § 1983 excessive force claim arising from the traffic stop of plaintiff Roland I. Ojegba by Sergeant Tim Murphy of the Kennesaw State University Police Department. Ojegba alleges that several officers, including Sergeant Murphy, pepper sprayed, beat, and choked him while effectuating his arrest. He further asserts racial discrimination claims, alleging police harassment and intimidation. The district court granted summary judgment to the officers on qualified immunity grounds for the excessive force claim, and summary judgment on the racial discrimination claim for lack of evidence. Ojegba makes no argument on appeal as to the racial discrimination claim.

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the district court's grant of summary judgment up until the time Ojegba was subdued by the officers under *Heck v. Humphrey*, 512 U.S. 477, 486 n.6 (1994) (courts should reject allegations in a civil suit that contradict plaintiff's plea of guilty to criminal charges). The fact that in this case the plea was an *Alford*[1] plea is of no consequence.[2]

Concerning Ojegba's claim of excessive force, the record does not support it. Because we conclude from the record that no excessive force was used, Ojegba

---

[1]Guilty plea accompanied by an assertion of innocence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2]See *Blohm v. Commissioner*, 994 F.2d 1542, 1555 (11th Cir. 1993).

fails to prove a constitutional violation occurred. *See Graham v. Connor*, 490 U.S. 386 (1989).

For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**